1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   NICHOLAS SANTS, an individual,              No. 2:15–cv–00355–KJM–CKD

12                  Plaintiff,

13           v.                                  ORDER

14   DEPUTY MICHAEL SEIPERT,
     individually and in his official capacity;
15   COUNTY OF PLACER; COUNTY OF
     PLACER SHERIFF'S DEPARTMENT;
16   and DOES 1-10,[1] inclusive.

17                  Defendants.

18

19           This matter is before the court on defendants' motion to dismiss plaintiff's

20   complaint based on Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 5.)  Plaintiff has filed an

21   _____

22         [1]  The Ninth Circuit has held that if a defendant's identity is not known before the
     complaint is filed, a "plaintiff should be given an opportunity through discovery to identify the
23   unknown defendants."  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quotation
     marks omitted) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Plaintiff is
24   warned, however, that doe defendants will be dismissed if "it is clear that discovery would not
     uncover the[ir] identities, or that the complaint would be dismissed on other grounds."  *Id.*
25   (quotation marks omitted) (quoting *Gillespie*, 629 F.2d at 642).  Plaintiff is also warned that
     Federal Rule of Civil Procedure 4(m) is applicable to doe defendants.  That rule provides the
26   court must dismiss defendants who have not been served within 120 days after the filing of the
     complaint unless good cause is shown.  *See Glass v. Fields*, No. 09-00098, 2011 U.S. Dist.
27   LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. 11-01567, 2011 U.S.
     Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sep. 27, 2011).

28

                                              1

1    untimely opposition (ECF No. 7), and defendants an untimely reply (ECF No. 8).  Despite their

2    untimeliness, the court will consider both filings.  The court submitted the matter without oral

3    argument.  As explained below, defendants' motion is GRANTED.

4    I.      FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

5               The claims in this case, brought under 42 U.S.C. § 1983, arise out of defendant

6    sheriff's deputy Michael Seipert's alleged use of excessive force against and arrest without

7    probable cause of plaintiff Nicholas Sants on February 12, 2013 at the Squaw Valley Resort (the

8    Resort).  (*See generally* Compl., ECF No. 1.)  Plaintiff is a resident of Truckee, California.  (*Id.*

9    ¶ 8.)  Defendants are Placer County (the County), Placer County Sheriff's Department, and

10   Deputy Seipert.  (*Id.* ¶ 9.)

11              On February 12, 2013, plaintiff was socializing with friends at the Squaw Valley

12   Resort.  (*Id.* ¶ 13.)  Defendant Seipert approached plaintiff and announced he was arresting

13   plaintiff for public intoxication.  (*Id.* ¶ 16.)  When plaintiff inquired about the reasons for arrest,

14   defendant Seipert "became aggressive," "punch[ed] him in the face," and struck him with a billy

15   club.  (*Id.* ¶¶ 16–17.)  Plaintiff did not attack defendant at any point and acted only in self-

16   defense.  (*Id.* ¶ 18.)  Plaintiff had a pre-existing seizure disorder; he repeatedly informed both the

17   paramedics and police personnel of the disorder.  (*Id.* ¶ 19.)  In the summer of 2014, plaintiff

18   declared permanently disabled "as a result of the exacerbation of the pre-existing seizure

19   disorder."  (*Id.* ¶ 20.)  Eventually, plaintiff was charged with public intoxication, resisting arrest,

20   and assaulting a police officer in the County Superior Court, in case number 72-008156B.  (*Id.* ¶¶

21   15, 21.)  Defendants represent plaintiff's criminal case is still pending.[2]  (ECF No. 5-1 at 2.)  As

22   of the date of this order, the court understands the criminal case is set for a trial confirmation

23   conference on October 16, 2015.

24              Plaintiff commenced this action in this court on February 11, 2015, alleging ten

25   claims: (1) excessive force, (2) false arrest, (3) malicious prosecution, (4) fabrication of false

26   ───────────────

27   [2]  The court takes judicial notice of (1) the felony complaint filed in the Placer County
     Superior Court against plaintiff Sants and (2) a minute order showing a preliminary hearing was
     set for April 30, 2015.  (ECF No. 5-2, Exs. 1–2.)  *See Moore v. City of Vallejo*, 73 F. Supp. 3d

28   1253, 1256 (E.D. Cal. 2014).

                                                    2

1    evidence, (5) conspiracy, (6) failure to implement appropriate policies and customs,

2    (7) negligence, (8) negligent training and supervision, (9) intentional infliction of emotional

3    distress, and (10) negligent infliction of emotional distress.  (*See* ECF No. 1.)  Defendants have

4    moved to dismiss plaintiff's complaint.  (ECF No. 5-1.)

5    II.    LEGAL STANDARD

6              Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a

7    complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss

8    "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a

9    cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10   Although a complaint need contain only "a short and plain statement of the claim showing that

11   the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), to survive a motion to dismiss this short

12   and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is

13   plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

14   *Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an

15   unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a

16   formulaic recitation of the elements of a cause of action . . . .'"  *Id.* (quoting *Twombly*, 550 U.S. at

17   555).  Determining whether a complaint will survive a motion to dismiss for failure to state a

18   claim is a "context-specific task that requires the reviewing court to draw on its judicial

19   experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses on the interplay

20   between the factual allegations of the complaint and the dispositive issues of law in the action.

21   *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

22             In making this context-specific evaluation, this court "must presume all factual

23   allegations of the complaint to be true and draw all reasonable inferences in favor of the

24   nonmoving party."  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  This rule

25   does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478

26   U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, to "allegations that contradict matters

27   properly subject to judicial notice," or to material attached to or incorporated by reference into the

28   complaint, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

1    III.    <u>ANALYSIS</u>

2           A.    <u>Staying this Action Pending the Criminal Prosecution</u>

3                  Defendants argue this court should stay the instant civil case while the underlying

4    criminal case is pending.  (ECF No. 5-1 at 5.)  "Plaintiff has no objection to staying this action

5    during the pendency of the state criminal prosecution."  (ECF No. 7 at 1.)

6                  A party has no constitutional right to a stay of civil proceedings during the

7    pendency of a criminal investigation.  *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899,

8    902 (9th Cir. 1989) ("While a district court may stay civil proceedings pending the outcome of

9    parallel criminal proceedings, such action is not required by the Constitution."); *see also Wallace*

10   *v. Kato*, 549 U.S. 384, 393–94 (2007) (noting "it is within the power of the district court, and in

11   accord with common practice, to stay the civil action until the criminal case or the likelihood of a

12   criminal case is ended").  After considering "the particular circumstances and competing interests

13   involved in the case," a court has discretion either to stay the entire proceeding or fashion some

14   other, less drastic remedy.  *Id.*; *see also eBay, Inc. v. Digital Point Solutions, Inc.*, No. 08-4052,

15   2010 WL 702463, at *5 (N.D. Cal. Feb. 25, 2010) (considering plaintiff's proposed alternatives to

16   a stay, but ultimately denying the stay); *accord In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp.

17   2d 1227, 1236 (N.D. Okla. 2003) ("A general stay is just one of several procedures available.

18   Other options may be utilized in lieu of imposing a stay.  These alternate tools include the

19   imposition of protective orders, sealed interrogatories, a stay for a finite period of time, or a stay

20   limited to a specific subject matter.").

21                 In considering whether to stay the proceedings, the court should consider the

22   following factors:

23                       (1) the interest of the plaintiffs in proceeding expeditiously with
                         this litigation or any particular aspect of it, and the potential
24                       prejudice to plaintiffs of a delay; (2) the burden which any
                         particular aspect of the proceedings may impose on defendants;
25                       (3) the convenience of the court in the management of its cases, and
                         the efficient use of judicial resources; (4) the interests of persons
26                       not parties to the civil litigation; and (5) the interest of the public in
                         the pending civil and criminal litigation.
27

28   *Molinaro*, 889 F.2d at 903.

                                            4

1                 1.      <u>Plaintiff's Interest, Burden on Defendants, and Convenience of the Court</u>

2                Because plaintiff "has no objection to staying this action," he will not be

3   prejudiced by a stay.  The interests of defendants, as movants, weigh too in favor of a stay.  As to

4   the court's interest, the court, undeniably, has an interest in managing its cases efficiently.

5   *McCormick*, 2010 WL 934242, at *3.  In the instant case, the court's interest weighs in favor of a

6   stay.  *Douglas v. United States*, No. 03-04518, 2006 WL 2038375, at *5 (N.D. Cal. July 17,

7   2006) (noting that allowing the criminal action to proceed first may narrow the issues and

8   streamline discovery in the civil proceeding).

9                 2.      <u>Third Parties' and Public's Interests</u>

10                Because no party has presented any evidence or compelling arguments on the

11   factors regarding the potential burden to the interests of the public or non-parties, these factors are

12   neutral on the question of the stay.

13                The court GRANTS defendants' motion to stay this action, subject to addressing

14   the motion to dismiss as discussed below.  The parties are DIRECTED to file a status report

15   within thirty days of the date of this order, reporting on the progress of the criminal prosecution

16   and every thirty days thereafter until the criminal case is concluded.

17          B.      <u>The Sheriff's Department Must be Dismissed</u>

18                Defendants argue the Sheriff's Department should be dismissed because it is not a

19   person within the meaning of § 1983.  (ECF No. 5-1 at 6.)  Plaintiff agrees and requests leave to

20   amend to dismiss "charges" against the Sheriff's Department.  According to the parties'

21   agreement, the court DISMISSES the Sheriff's Department with prejudice.  *See Melendres v.*

22   *Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (ordering Maricopa County be substituted as a party

23   in lieu of the Maricopa County Sheriff's Office).

24          C.      <u>Claims Against Defendant Seipert in his Official Capacity are Redundant</u>

25                Defendants argue the claims against defendant Seipert in his official capacity are

26   redundant of those alleged against the County and thus should be dismissed.  (ECF No. 5-1 at 6–

27   7.)  Plaintiff does not address that argument.

28   /////

1      "Where both the public entity and a municipal officer are named in a lawsuit, a

2   court may dismiss the individual named in his official capacity as a redundant defendant."

3   *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1114 (E.D. Cal. 2012).  Here, defendant Seipert

4   is named as a defendant both in his official capacity and as an individual.  The court DISMISSES

5   only the official-capacity claim as redundant because plaintiff also has named the County as a

6   defendant.

7          D.      Municipal Liability

8              Defendants argue the allegations of the complaint are too conclusory to give rise to

9   a claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

10   (ECF No. 5-1 at 7–10.)  Here, plaintiff disagrees.  (ECF No. 7 at 2–3.)

11             Municipalities may be held liable as "persons" under 42 U.S.C. § 1983, but not for

12   the unconstitutional acts of their employees based solely on a respondeat superior theory.  *Monell*,

13   436 U.S. at 691.  Rather, a plaintiff seeking to impose liability on a municipality under § 1983 is

14   required "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  *Bd. of*

15   *Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

16             To sufficiently plead a *Monell* claim and withstand a Rule 12(b)(6) motion to

17   dismiss, allegations in a complaint "may not simply recite the elements of a cause of action, but

18   must contain sufficient allegations of underlying facts to give fair notice and to enable the

19   opposing party to defend itself effectively."  *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d

20   631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  A *Monell*

21   claim may be stated under three theories of municipal liability: (1) when official policies or

22   established customs inflict a constitutional injury; (2) when omissions or failures to act amount to

23   a local government policy of deliberate indifference to constitutional rights; or (3) when a local

24   government official with final policy-making authority ratifies a subordinate's unconstitutional

25   conduct.  *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010).  Here,

26   plaintiff asserts liability under the first theory, offering the support that, "it is the customs and

27   common practices of the county at fault."  (ECF No. 7 at 2−3.)

28   /////

1    A plaintiff may establish municipal liability based on this first theory by

2  demonstrating "the constitutional tort was the result of a 'longstanding practice or custom which

3  constitutes the standard operating procedure of the local government entity.'" *Price v. Sery*, 513

4  F.3d 962, 966 (9th Cir. 2008) (quoting *Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968, 984–85 (9th

5  Cir. 2002)).  To establish liability in this way, a plaintiff must show (1) that the plaintiff

6  "possessed a constitutional right of which [he or she] was deprived; (2) that the municipality had

7  a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional

8  right; and, (4) that the policy is the moving force behind the constitutional violation." *Plumeau v.*

9  *Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks

10  omitted).

11    Here, while the allegations of the complaint are too conclusory to survive

12  defendants' motion to dismiss, the new facts stated in plaintiff's opposition brief warrant allowing

13  leave to amend.  *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137 (9th

14  Cir. 2001) ("new" facts in a plaintiff's opposition papers can be considered by courts in deciding

15  whether to grant leave to amend).  Specifically, in his opposition brief, plaintiff states the

16  following:

17    Audio recordings on the night of Mr. Sants' arrest show systematic
and total disregard for both the safety and the constitutional rights
18    of Mr. Sants.  Placer County employees, from dispatchers to
Sheriff's deputies to medical personnel, at various times did not
19    respond to Mr. Sants calls for help when being beaten by Deputy
Seipert or when attempting to get medical attention in police
20    custody.

21    Mr. Sants was heard begging to be taken to the hospital by multiple
Sheriff's Deputies, one of whom is heard on the police audio
22    recording informing Mr. Sants that Mr. Sants is having a panic
attack.  The Deputy goes on to inform Mr. Sants that he has over a
23    decade of medical training.  Furthermore, the deputy volunteered in
a pre-trial hearing that he, in fact, found Mr. Sants to be credible
24    while he was in the throes of his panic attack, begging for medical
attention.  Despite that, every deputy made Mr. Sants wait to
25    receive necessary attention.

26  (ECF No. 7 at 3.)  Accordingly, the court GRANTS defendants' motion to dismiss plaintiff's

27  *Monell* claim, but GRANTS plaintiff leave to amend after the stay is lifted, if plaintiff can do so

28  consonant with Rule 11.

1          E.      Plaintiff's State-Law Claims

2                  Defendants argue plaintiff's state law claims should be dismissed because plaintiff

3    has not complied with the requirements of the Government Claims Act.  (ECF No. 5-1 at 10–12.)

4    Plaintiff does address that argument in his opposition brief.

5                  "As a prerequisite for filing suit for 'money or damages' against a public entity,

6    the California Government Claim Act requires presentation of a claim to the public entity."  *Gen.*

7    *Sec. Servs. Corp. v. Cnty. of Fresno*, 815 F. Supp. 2d 1123, 1131 (E.D. Cal. 2011); *see* Cal. Gov't

8    Code §§ 911.2, 945.4; *see also State of California v. Superior Court* ("*Bodde*"), 32 Cal. 4th 1234,

9    1240–44 (2004).  This requirement applies to claims sounding in tort.  *See City of Stockton v.*

10   *Superior Court*, 42 Cal. 4th 730, 738 (2007).  Claims involving death or injuries to a person or

11   personal property must be presented no later than six months after the accrual of the claim.  *See*

12   Cal. Gov't Code § 911.2(a).  The date of accrual is that which would pertain under the statute of

13   limitations if the dispute were between private litigants.  *See Shirk v. Vista Unified Sch. Dist.*, 42

14   Cal. 4th 201, 208–09 (2007).  The Government Claims statutes "must be satisfied even in the face

15   of the public entity's actual knowledge of the circumstances surrounding the claim."  *City of*

16   *Stockton*, 42 Cal. 4th at 738.  The failure to timely present a claim for money or damages to a

17   public entity bars a plaintiff from bringing suit against that entity.  *Bodde*, 32 Cal. 4th at 1240.

18                 Here, the complaint's allegations do not show compliance with the Government

19   Claims Act.  Plaintiff's state-law claims are (1) negligence, (2) negligent training and supervision,

20   (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress.

21   (Compl. at 14–17.)  Those claims arise from the same event: plaintiff's arrest in February 2013.

22   Plaintiff's complaint neither mentions a timely filing nor alleges an excuse from compliance with

23   the filing requirement, if there is one.  Accordingly, the court DISMISSES plaintiff's state-law

24   claims.  Plaintiff is GRANTED leave to amend once the stay is lifted, if he can do so consonant

25   with Rule 11.

26   /////

27   /////

28   /////

8

IV.    MEET AND CONFER EFFORTS AND ORDER TO SHOW CAUSE (OSC)

     A.    Defendants' Counsel

Defendants' counsel reports he tried to meet and confer with plaintiff's counsel by e-mail and telephone at about 10:00 a.m. on April 29, 2015 regarding the issues identified in the instant motion.  (ECF No. 5 at 2.)  He further reports that plaintiff's counsel "was not available to discuss the matters and defendants' motion needed to be filed on that day."  (*Id.*)

Here, defendants' counsel is subject to an OSC because he did not comply with this court's Standing Order.  The court is baffled by defendants' effort to meet and confer.  This court's Standing Order directs the parties to engage in a pre-filing meet and confer to thoroughly discuss the substance of the contemplated motion and any potential resolution.  (Standing Order, ECF No. 3-1 at 3.)  By seeking to contact plaintiff's counsel on the day the motion "needed to be filed," as defendants' counsel represents, defendants' counsel clearly did not exhaust efforts to meet and confer.  Moreover, defendants' counsel filed an untimely reply and before doing so, he did not seek a belated stipulation in light of plaintiff's position expressed in his "opposition."  Accordingly, defendants' counsel is hereby ORDERED, within seven (7) days of entry of this order, to show cause why he should not be sanctioned in the amount of $250 for failure to comply with this court's Standing Order.

     B.    Plaintiff's Counsel

Plaintiff's counsel also has not complied with applicable rules.  Specifically, counsel has not complied with Local Rule 230(c), providing that any opposition to a motion must be in writing and filed not less than fourteen days before the noticed hearing date.  The noticed hearing on the instant motion was June 5, 2015.  Plaintiff's opposition, if any, or notice of non-opposition must have been filed no later than May 22, 2015.  Plaintiff filed his opposition on May 29, 2015.  (ECF No. 7.)  And to the extent the opposition did not oppose some of the arguments raised by defendants, plaintiff's counsel could and should have sought a stipulation to that extent.  Accordingly, plaintiff's counsel is hereby ORDERED, within seven (7) days of entry of this order, to show cause why he should not be sanctioned in the amount of $250 for failure to comply with this court's Local Rules.

1  V.    <u>CONCLUSION</u>

2         For the foregoing reasons, the court orders as follows:

3         1.  Notwithstanding the stay imposed below, counsel are ordered to respond to the

4              orders to show cause incorporated above.

5         2.  Placer County Sheriff's Department is DISMISSED with prejudice.

6         3.  All official-capacity claims against Sheriff's Deputy Seipert are DISMISSED

7              with prejudice.

8         4.  Plaintiff's municipal liability claim is DISMISSED with leave to amend.

9         5.  Plaintiff's state-law claims are DISMISSED with leave to amend.

10        6.  Plaintiff's amended complaint is due within twenty-one (21) days of the date

11             on which the stay imposed below is lifted.

12        7.  The case is STAYED.  The parties are directed to file a status report within

13             thirty (30) days of the date of this order, reporting on the progress of the

14             criminal prosecution and every thirty (30) days thereafter until the criminal

15             case is concluded.  Within seven (7) days of the criminal case concluding, the

16             parties shall file a joint statement proposing a schedule for the balance of this

17             case.

18        IT IS SO ORDERED.

19  DATED:  September 3, 2015.

20

21  _____

22  UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

                              10