UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nicholas Sants, | No. 2:15-cv-00355-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| Michael Seipert, et al., | |
| Defendants. | |

The court conducted a final pretrial conference in this excessive force case on November 19, 2021. *See* Final Pretrial Order at 1, ECF No. 88. At the final pretrial conference, the parties requested that the court hear five motions *in limine* on an advanced briefing and hearing schedule, *see* Stip., ECF No. 90, and the court did so on March 25, 2022, *see* Am. Minutes, ECF No. 96. The court denied plaintiff's first motion *in limine* seeking to preclude defendant from making any reference to his misdemeanor conviction for resisting a peace officer in violation of California Penal Code section 148(a)(1), but agreed that a limiting instruction will be appropriate during trial. *Id.* The court resolves the four remaining motions *in limine* here.

I.  **PLAINTIFF'S THIRD MOTION AND DEFENDANT'S FIRST AND SECOND MOTIONS**

Plaintiff's third motion *in limine* and defendant's first and second motions *in limine* all involve evidence and testimony plaintiff wants or may want to introduce at trial despite missing

1

discovery deadlines. *See* Pl.'s Mot. at 2, 5, ECF No. 84; Def.'s Mot. at 2–8, ECF No. 86. Specifically, plaintiff argues he should be permitted to present testimony and evidence from his treating physicians related to PTSD treatments he received after the close of discovery. *See* Pl.'s Mot. at 2, 5. Defendant argues that plaintiff did not disclose any expert witnesses by the close of expert discovery, so the court should exclude all evidence, references to evidence, testimony and/or argument relating to any expert witness testimony and/or expert opinions offered by plaintiff. *See* Def.'s Mot. at 2–5. Defendant also seeks to exclude evidence of medical treatment or medical opinions not disclosed in discovery. *Id.* at 6–8. All three motions are governed by Federal Rules of Civil Procedure 26 and 37.

**A.    Rules 26 & 37**

Rule 26(a)(1)(A)(iii) requires the disclosure of "a computation of each category of damages claimed by the disclosing party." Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is in some material respect "incomplete or incorrect," and if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Rule 26(a)(2) requires litigants to disclose all expert witnesses "at the times and in the sequence that the court orders." *Goodman v. Staples The Office Superstore*, LLC, 644 F.3d 817, 827 (9th Cir. 2011). Unlike an expert "retained or specially employed" in connection with litigation, *see* Fed. R. Civ. P. 26(a)(2)(B), a treating physician who is expected to testify regarding opinions "formed during the course of treatment" need not submit a detailed expert report, *Goodman*, 644 F.3d at 826. Nonetheless, disclosures of non-retained, treating physicians must include "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *see also* Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.

Rule 37(c)(1) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) [or (e)] that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (footnote reference

omitted).  Exclusion under Rule 37(c)(1) is an "automatic" sanction that prohibits the use of improperly disclosed evidence.  *Id.*  And "[a]s the Rule plainly states, litigants can escape the 'harshness' of exclusion only if they prove that the discovery violations were substantially justified or harmless."  *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (citing Fed. R. Civ. P. 37(c)(1)).  Factors that guide the district court in determining whether a violation of a discovery deadline is substantially justified or harmless include: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."  *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010).  The burden is on the disclosing party to show the failure to disclose information or witnesses was substantially justified or harmless.  *Yeti by Molly, Ltd.*, 259 F.3d at 1107.

District courts retain discretion to resolve disputes such as the one the parties raise here. Courts may award lesser sanctions in addition or as an alternative to exclusion, including, for example, payment of reasonable expenses, including attorney's fees, and informing the jury of the party's failure.  *See* Fed. R. Civ. P. 37(c)(1); *Merchant*, 993 F.3d at 740.  If the noncompliant party does not "avail himself of the opportunity to seek a lesser sanction by formally requesting one from the district court," a district court does not abuse its discretion in excluding evidence under the plain meaning of Rule 37(c)(1).  *Merchant*, 993 F.3d at 741 (party facing Rule 37(c)(1) exclusion "bears the burden of showing that a sanction other than exclusion is better suited to the circumstances.").

### B. Physician Testimony

#### 1. Dr. Burkholder

Plaintiff seeks to offer the testimony of his treating physician, Lisanne R. Burkholder, M.D., as a percipient witness.  *See* Pl.'s Opp'n at 2, ECF No. 92.  Specifically, he asks that he be "allowed to present Dr. Burkholder as his treating physician to testify to diagnosis and treatment of his medical conditions, as well as to causation, prognosis and permanency and degree of injury."  *Id.* at 4.

/////

3

A threshold question is whether plaintiff complied with Rule 26(a)(2)(C) by disclosing the subject matter on which Dr. Burkholder is expected to present evidence and a summary of the facts and opinions to which she is expected to testify. In a letter dated January 11, 2019,[1] Dr. Burkholder wrote:

> Nicholas Sants has been my patient since February of 2014. He has been diagnosed with a Traumatic Brain Injury, complicated by a seizure disorder, hallucinations, paranoid behaviors, memory problems, defects in concentration, PTSD, anxiety and depression, after a severe head injury sustained on 2/13/13. He is limited in his daily activities, cognitive function, and in his memory, and because of these limitations, he is unable to work on a sustained basis. He has been evaluated by myself and several neurologists, both in Truckee, and at UC Davis, as well as by mental health professionals on the East coast and in Truckee over the last 6 years. He has had imaging including MRI scan of the brain and spine. His memory was impaired, scoring 24/30 at his last evaluation of memory by me in December of 2017. He is on numerous medications for the variety of symptoms that plague him, and he has been compliant with his medications. I[n] my opinion he is permanently disabled due to his traumatic brain injury and all the complications that have unfolded from that original injury.

ECF No. 92-1.

Plaintiff also included Dr. Burkholder in his initial disclosures, saying:

> Lisanne R. Burkholder, M.D. at Tahoe Forest Internal Medicine Clinic, 10978 Donner Pass Road, Truckee, CA 96161, is likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings including Plaintiff[']s medical condition/complications following the incident of February 12, 2013.

---

[1] It is unclear when, or whether, plaintiff provided Dr. Burkholder's January 11, 2019 letter to defendant. In his opposition, plaintiff says he intends for Dr. Burkholder to testify at trial then notes that "[a] true and correct copy of a letter written by Dr. Burkholder dated January 11, 2019 is attached hereto as Exhibit A and incorporated herein by reference." Pl.'s Opp'n at 2. Plaintiff never says he provided the letter, which is addressed to "To Whom It May Concern," ECF No. 92-1, to defendant. Rather, plaintiff says "Dr. Burkholder was first disclosed as a potential witness to Defendant in Plaintiff's Initial Declaration of Disclosure served on June 25, 2019," which was five and a half months after the letter was written. Pl.'s Opp'n at 2. That said, at the hearing, the parties appeared to agree that the letter was provided to defendant before the expert disclosure deadline. The court therefore assumes the letter was timely disclosed.

She has been treating Plaintiff as his primary physician since February of 2014.

Pl.'s Initial Disclosures at 4, Pl.'s Opp'n Ex. B, ECF No. 92-2.

This disclosure, with provision of the letter, satisfies Rule 26(a)(2)(C). *See Copart, Inc. v. Sparta Consulting, Inc.*, No. 214-cv-00046-KJM-CKD, 2017 WL 85824, at *3 (E.D. Cal. Jan. 9, 2017) (holding requirements of Rule 26(a)(2)(C) met where plaintiff disclosed the identities of percipient witnesses, a brief summary of their backgrounds with the company, the subjects about which each witness would testify, and the basis for each witness's testimony); *see also* Fed. R. Civ. P. 26, advisory notes (2010) (requirements of a Rule 26(a)(2)(C) disclosure are "considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have."). Dr. Burkholder may also testify to matters such as causation, but only to the extent her opinions were formed during her treatment of plaintiff. *See Sepe v. Gordon Trucking, Inc.*, 755 F. App'x 668, 670 (9th Cir. 2019) (unpublished)[2] (citing *Goodman*, 644 F.3d at 826, which explains in parenthetical that a treating physician is "exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment"); Fed. R. Civ. P. 26(a)(2)(C) advisory committee note to 2010 amendment ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705."). Dr. Burkholder may testify as provided here.

### 2.     **Jonathan Lowe**

Plaintiff also seeks to introduce the testimony of Jonathan Lowe, "a Nurse Practitioner at Tahoe Forest Health System, Behavioral Health, who has been treating Plaintiff through present day for PTSD." Pl.'s Opp'n at 5. Plaintiff makes the bare assertion that "Defendant has been on notice that Plaintiff has been in treatment for injuries he sustained in the February 12, 2013 altercation with Defendant since the beginning of this action." *Id.* Thus, plaintiff argues

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate as provided by Ninth Circuit Rule 36-3(b).

"Defendant will not be prejudiced by the admission of additional evidence of this ongoing treatment by healthcare providers not previously disclosed." *Id.*

Federal Rule of Civil Procedure 26(e)(1)(A) requires a party to timely supplement its discovery responses and initial disclosures if he discovers that the responses or disclosures are materially "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Here, plaintiff relies on the exception created to the supplemental disclosure requirement if the information has "otherwise been made known." But the court is unpersuaded by the argument that because defendant has known plaintiff has been receiving treatment generally, defendant therefore also was "made known" of any and all possible treatments, including for PTSD.

Thus, although exclusion "is, or at least can be, a harsh sanction," *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240 (9th Cir. 2012), it is appropriate here for at least three reasons. First, plaintiff has not argued that Mr. Lowe's testimony satisfies a crucial element of his case. *Id.* at 1247 (If a Rule 37(c)(1) sanction will "deal[ ] a fatal blow" to a party's claim, a district court must consider (1) "whether the claimed noncompliance involved willfulness, fault, or bad faith" and (2) "the availability of lesser sanctions."). Second, plaintiff waited over a year to disclose this information, even though discovery had already been closed for a year when he started receiving treatment for PTSD. And trial is now roughly only two months away. *See* Final Pretrial Order at 11. Third, plaintiff did not "avail himself" of the opportunity to seek a lesser sanction; nor has he explained why his noncompliance is "substantially justified or harmless." Plaintiff may not introduce the testimony of Mr. Lowe.

C.   **Evidence of Treatments**

Plaintiff moves to present evidence supporting his claims for damages for PTSD that he disclosed after the discovery cutoffs. This evidence includes medical treatment and bills. Again, plaintiff does not engage the "substantially justified or harmless" standard. He simply argues it would be "fundamentally unfair" to exclude evidence of his PTSD treatment because it supports his claims for special and general damages. Pl.'s Mot. at 5. Nor does plaintiff argue that a lesser sanction is appropriate. Plaintiff may not present this evidence at trial.

6

## II. DEFENDANT'S SIXTH MOTION

Defendant's sixth motion *in limine* seeks to prevent plaintiff's treating medical professionals from offering any expert testimony, evidence, or opinion that they are not qualified or disclosed to provide. *See* Def.'s Mot. at 12–13. Defendant argues plaintiff has not provided the necessary information for him to evaluate plaintiff's treating physician's credentials, qualifications, or expertise. *See id.* at 13. Defendant moves to exclude these potential witnesses from testifying about "any and all medical issues, conditions and treatment of Plaintiff." *Id.* As explained above, the court finds that plaintiff properly disclosed Dr. Burkholder, so she may offer any testimony she is qualified to give. This motion is **denied** with respect to Dr. Burkholder. Because plaintiff did not properly disclose Nurse Lowe, the motion is **granted** with respect to Nurse Lowe.

## III. CONCLUSION

Plaintiff's third motion and defendant's first, second and sixth motions are **granted in part and denied in part**. Plaintiff's third motion is **granted** with respect to Dr. Burkholder; the motion is **denied** with respect to Nurse Lowe and **denied** with respect to evidence disclosed after the close of discovery. Defendant's first and sixth motions are **denied** with respect to Dr. Burkholder and **granted** with respect to Nurse Lowe. Defendant's second motion is **denied** with respect to Dr. Burkholder; the motion is **granted** with respect to Nurse Lowe and evidence of plaintiff's medical treatment disclosed after the close of discovery.

This order partially resolves ECF Nos. 84 and 86. The court will address the parties' remaining motions *in limine* at trial.

IT IS SO ORDERED.

DATED: April 8, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE